UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

BERNARION VANLEER,

        Plaintiff,

v.

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

        Defendants

_____/

Case No. 1:25-cv-00216

Hon. Paul L. Maloney
U.S. District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

*Pro se* Plaintiff Bernarion VanLeer filed this complaint asserting that Defendants violated his rights. (ECF No. 1.) Liberally construing the complaint, VanLeer sues the Michigan Department of Corrections (MDOC), the Michigan Department of Justice, and other departments he alleges are within the MDOC, including: the Michigan State Police, the Department of Transportation, the Department of Technology Management and Budget, and the Department of Insurance and Financial Services. (ECF No. 1, PageID.2.)

VanLeer says that the MDOC paid another person to try to set him up and entrap him into committing fraud, theft/robbery, or the sale of narcotics. (*Id.*, PageID.3.) VanLeer says that a conspiracy exists to try to get him to rob a friend and he still has "a copy of the check that was used with the Church." (*Id.*) He says that the MDOC is tracking his phone and email. (*Id.*) As evidence, VanLeer says that while he was staying at a hotel in Detroit, someone came into the front door and tried

1

to give him a phone. (*Id.*) Then a man leaving the elevator gave him a phone. (*Id.*) VanLeer says that he took the phone, because it appeared that the man was "someone important." (*Id.*) VanLeer says that after he called for a ride, he overheard the man speaking in Arabic, while a kid was sitting next to the man. (*Id.*) He then says that "they followed and harass me for the next Three Days for that check Because I had it and they Didn't want me to turn it over." (*Id.*)

VanLeer says that he wants justice, his name cleared, and to be left alone. He further requests compensation for the physical, mental, and emotional pain, for his lost home, car, clothes, and everything else. (*Id.*, PageID.5.)

VanLeer was granted *in forma pauperis* status on February 25, 2025. (ECF No. 4.)

**II. Standard of Law**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.* The court must determine whether the complaint contains "enough facts to state a claim to

relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the plausibility standard is not equivalent to a "'probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### III. Analysis

#### 1) Original Complaint filed February 24, 2025

First, Plaintiff has set forth unsupported conclusory allegations that Defendants were trying to entrap him to get him to engage in criminal activity. Plaintiff has failed to set forth any facts that link any of the named Defendants – which are State of Michigan departments – to the alleged conduct asserted in his complaint. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim. *Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555. This is especially true when a plaintiff alleges that Defendants engaged in a conspiracy against him.

A civil conspiracy is "an agreement between two or more persons to injure another by unlawful action." *Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012)

3

(*quoting Hooks v. Hooks*, 771 F.2d 935, 943 44 (6th Cir. 1985)). The plaintiff must show the existence of a single plan, that the alleged coconspirator shared in the general conspiratorial objective to deprive the plaintiff of a federal right, and that an overt action committed in furtherance of the conspiracy caused an injury to the plaintiff. *Hensley*, 693 F.3d at 695; *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011). Moreover, a plaintiff must plead a conspiracy with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008). Plaintiff has failed to support his claims with any factual allegations that could show a facially plausible claim that each Defendant violated his rights and entered into an agreement to conspire against him.

Most importantly, Plaintiff may not maintain this action against the MDOC or any of the Michigan state departments he alleges violated his rights. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and

the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See, e.g., Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010). In addition, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Harrison*, 722 F.3d at 771.

Thus, the undersigned's conclusion is that VanLeer's original complaint should be dismissed.

**2) Complaints filed on March 3, 2025**

On March 3, 2025, VanLeer filed three new complaints in this case – W.D. Mich. Case No. 1:25-cv-216. (ECF Nos. 6, 7, and 8.) None of these complaints arises under the same facts as the original complaint, and all of them appear unrelated to the original cause of action. The three new complaints do not appear to be intended as amended complaints, but rather additional cause of actions to be added to this action under the same case number. In the opinion of the undersigned, VanLeer's attempt to add new causes of action against new Defendants under the same case number is improper. Where a plaintiff improperly joins claims and defendants, Federal Rule of Civil Procedure 21 provides that the court may "on just terms" either (1) add or drop parties or (2) sever the claims against the parties. *Kitchen v. Heyns*,

802 F.3d 873, 875 (6th Cir. 2015).

Here, VanLeer may file his three new complaints as three original causes of action, but he should not be allowed to add these three new and separate complaints to this cause of action.

### IV.   Recommendation

For these reasons, the undersigned respectfully recommends that the Court dismiss this case in its entirety.

Dated:   March 18, 2025                    /s/ *Maarten Vermaat*
                                           MAARTEN VERMAAT
                                           U. S. MAGISTRATE JUDGE

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).