UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BERNARION VANLEER,  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>MICHIGAN DEPARTMENT  )<br>OF CORRECTIONS, *et al.*,  )<br>    Defendants.  )<br>_____)  | No. 1:25-cv-216<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the court on Plaintiff Bernarion VanLeer's objection. (ECF No. 10). Judge Vermaat issued a report and recommendation. (ECF No. 9). The court will adopt the report and recommendation over Plaintiff's objection.

### I.

Plaintiff Bernarion VanLeer filed several complaints asserting that Defendants violated his rights. (ECF Nod. 1, 6, 7, 8). VanLeer sued the Michigan Department of Corrections ("MDOC"), the Michigan Department of Justice, and other departments he alleges are within the MDOC, including: the Michigan State Police, the Department of Transportation, the Department of Technology Management and Budget, and the Department of Insurance and Financial Services. (ECF No. 1, PageID.2). He alleges a convoluted conspiracy against him.

### II.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and

recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). An "objection does not oblige the district court to ignore the report and recommendation." *Fharmacy Recs. v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012). Our Local Rules require any party objecting to a report and recommendation to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (holding that "objections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error" are too general).

### III.

The court has reviewed Plaintiff's objections to the report and recommendation. Plaintiff asks this court to reconsider this report and recommendation because he has filed three other cases. Plaintiff provides his new case numbers. Plaintiff does not explain how his other filings relate to this matter or the report and recommendation. This court will summarily reject his objections as too vague and underdeveloped. *See Fharmacy Recs.*, 465 F. App'x at 456; *Miller*, 50 F.3d at 380.

The court has reviewed this file, and dismissal of this action is appropriate as explained in the report and recommendation issued March 18, 2025.

**IT IS HEREBY ORDERED** that the report and recommendation (ECF No. 9) is **ADOPTED** by the court. This case is dismissed.

**IT IS FURTHER ORDERED** that Plaintiff's objection to the report and recommendation (ECF No. 10) is **DENIED**.

Judgment to follow.

**IT IS SO ORDERED.**

Date: April 8, 2025              /s/ Paul L. Maloney
                                 Paul L. Maloney
                                 United States District Judge